UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWSALDO MEDINA-GUZMAN,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-2864

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner.[1] (Pet., ECF No. 1, PageID.7.)

In an order entered on October 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

[1] In Petitioner's § 2241 petition, Petitioner also raises claims regarding the conditions of Petitioner's confinement. To the extent Petitioner wishes to do so, Petitioner is free to raise these claims in a civil rights action.

should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the March 16, 2026, bond hearing on October 15, 2026. (Resp., ECF No. 7; Recording of Mar. 16, 2026, Bond Hearing, filed on Oct. 5, 2026.)

**II. Relevant Factual Background**

Petitioner is a citizen of Venezuela who entered the United States in 2022. (Notice to Appear (NTA), ECF No. 7-4, PageID.51.) On January 28, 2026, Petitioner was arrested by ICE. (2026 Form I-213, ECF No. 7-6, PageID.60.)

On February 10, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Medina-Guzman v. Raycraft* (*Medina-Guzman I*), No. 1:26-cv-450 (W.D. Mich.). In *Medina-Guzman I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Medina-Guzman I*, (W.D. Mich. Mar. 10, 2026), (ECF Nos. 6, 7).

On March 16, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 7, PageID.26.) At the conclusion of the March 16, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "The record demonstrated the [Petitioner] is a danger to the community and/or a flight risk." (Order Immigration Judge, ECF No. 7-8, PageID.65.)

**III. Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 16, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v.*

*Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.[2] Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 28, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).